**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. _____**

REDUS EL, LLC,

      Plaintiff,

vs.

POINTE WEST MASTER PROPERTY
OWNERS ASSOCIATION, INC.,

      Defendant.

_____/

## COMPLAINT

Plaintiff, Redus El, LLC, by and through its undersigned attorneys and pursuant to Rule 8, Fed. R. Civ. P., for its Complaint against Defendant, Pointe West Master Property Owners Association, Inc., alleges as follows:

### *Parties, Jurisdiction, and Venue*

1.    Plaintiff, Redus El, LLC ("Redus"), is a Delaware limited liability company, that is a citizen of Delaware and North Carolina because its member is a corporation that was incorporated in Delaware that maintains its principal place of business in North Carolina.

2.    Defendant, Pointe West Master Property Owners Association, Inc. (the "Association") is a Florida citizen because it is a corporation that was incorporated in Florida that has its principal place of business in Florida.

3.      This Court has jurisdiction over this matter based upon diversity of citizenship because it is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs, interest, and attorney's fees.

4.      Venue is proper in the Southern District of Florida as the District in which the Association resides in and in which a substantial part of the events or omissions giving rise to the claim occurred.

*Allegations Common to All Counts*

5.      Redus was the successor declarant for a mixed use, master planned community situated in Vero Beach, Indian River County, Florida, known as "Pointe West."

6.      On or about April 9, 2019, Redus turned over control of the Association to the members of Pointe West pursuant to the Master Declaration of Covenants, Conditions, Easements and Restrictions for Pointe West (the "Declaration") and the By Laws of Pointe West Master Property Owners' Association, Inc. (the "Bylaws").

7.      On or about July 22, 2022, the Association demanded that Redus pay $84,316.00 to the Association for "Developer Deficit Funding" for the 2019 calendar year (the "Deficit Funding Claim").

8.      The Association based its Deficit Funding Claim on Art. XI, Sec. 11.1 of the Declaration, which provides as follows:

> Prior to the Turnover Date, the Declarant shall have no
> obligation to pay Assessments on Lots or other portions of
> the Property which Declarant owns. Rather, until that time,
> the Declarant may elect annually to pay the "deficit", which
> is the difference between the amount of Assessments

2

assessed and the amount of actual expenditures required to operate the Master Association during the calendar year. The Declarant shall not be obligated to pay or fund any shortfall in the capital replacement reserve described in Section 11.12 hereof, notwithstanding anything to the contrary. This shall be true regardless of whether the Declarant is paying Assessments or funding the deficit, either before or after the Turnover Date. The election of the Declarant to pay Assessments or the deficit shall be by written notice to the Board not less than thirty (30) days prior to the beginning of each calendar year and if no notice is delivered by Declarant, Declarant shall be deemed to have elected to pay such differential or deficit. The Declarant's financial obligations to the Master Association may be satisfied in the form of a cash subsidy or by "in kind" contributions of services or materials, or a combination of these. After the Turnover Date, the Declarant shall be obligated to pay Assessments on all portions of the Property which it owns. The Declarant shall have no obligation or responsibility for any assessments which are levied against any other Owner (including, without limitation, any Builder) and which are not paid by such Owner.

9.      Redus disputes the Association's Deficit Funding Claim and maintains that it is not obligated by Art. XI, Sec. 11.1 of the Declaration or otherwise to pay $84,316.00 for the Deficit Funding Claim.

10.     The Association has also indicated that it believes that some unspecified amounts may be due in connection with a Reimbursement Agreement between Redus and the Association (the "Reimbursement Agreement Claim").

11.     Redus disputes that it owes any money to the Association in connection with the Reimbursement Agreement Claim.

12.     It is Redus's position that it has complied with any obligations it may have had as successor developer, paid any amounts it may have owed to the Association,

and does not owe any further obligations to the Association in connection with its role as successor developer, in connection with the turnover of the Association, and pursuant to the Declaration and the Bylaws.

13.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

## COUNT I – DECLARATORY JUDGMENT

14.     Redus realleges paragraphs 1 through 13 above as if set forth more fully herein.

15.     There is a bona fide dispute between Redus and the Association as to the validity of the Association's Deficit Funding Claim, the interpretation of the relevant portions of the Declaration, including Art. XI, Sec. 11.1 of the Declaration, the Association's Reimbursement Agreement Claim, and Redus's compliance with any other obligations it may have had to the Association as successor developer, in connection with the turnover of the Association, and pursuant to the Declaration and the Bylaws.

16.     Redus has a justiciable question as to the existence or non-existence of a right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may depend.

17.     Redus is in doubt as to the right, status, immunity, power or privilege upon which the Association's claims are based.

18.     There is a bona fide, actual, present need for a declaration as to the validity of the Association's Deficit Funding Claim, the interpretation of the relevant

4

portions of the Declaration, including Art. XI, Sec. 11.1 of the Declaration, the Association's Reimbursement Agreement Claim, and Redus's compliance with any other obligations it may have had to the Association as successor developer, in connection with the turnover of the Association, and pursuant to the Declaration and the Bylaws.

19.     Accordingly, Redus is entitled to a declaratory judgment concerning the validity of the Association's Deficit Funding Claim, the interpretation of the relevant portions of the Declaration, including Art. XI, Sec. 11.1 of the Declaration, the Association's Reimbursement Agreement Claim, and Redus's compliance with any other obligations it may have had to the Association as successor developer, in connection with the turnover of the Association, and pursuant to the Declaration and the Bylaws, as well as any further necessary or proper relief against any adverse party whose rights have been determined by such declaratory judgment.

WHEREFORE, Plaintiff, Redus El, LLC, demands entry of a declaratory judgment determining the validity of Defendant, Pointe West Master Property Owners Association, Inc.'s demand for payment of $84,316.00 for "Developer Deficit Funding" for the 2019 calendar year, the Association's claim concerning the Reimbursement Agreement, and Redus's compliance with any other obligations it may have had as successor developer, in connection with the turnover of the Association, and pursuant to the Declaration and the Bylaws, as well as any further necessary or proper relief against any adverse party whose rights have been determined by such declaratory judgment, an award of costs, and such other and further relief as is just and proper.

DATED this 1st day of September, 2022.

FOX ROTHSCHILD LLP
777 S. Flagler Drive
Suite 1700 – West Tower
West Palm Beach, FL 33401
Tel: (561) 804-4441

By: */s/ David A. Greene*
    Amy S. Rubin
    Fla. Bar. #476048
    arubin@foxrothschild.com
    David A. Greene
    Fla. Bar #87629
    dgreene@foxrothschild.com

*Attorneys for Plaintiff, Redus El, LLC*