UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:22-cv-14308-CANNON/MCCABE

REDUS EL, LLC,

    Plaintiff,

v.

POINTE WEST MASTER PROPERTY
OWNERS ASSOCIATION, INC.,

    Defendant.

_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss or Alternatively for a More Definite Statement or to Strike ("Motion") (DE 6), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 9). After careful consideration of the record, the parties' briefs, and the relevant caselaw, the undersigned **RECOMMENDS** that the Motion be **DENIED**.

**I.     BACKGROUND**

This is a turnover dispute between a real estate developer, Plaintiff, and a property owners' association, Defendant, concerning the "Pointe West" community in Indian River County, Florida. The Court accepts the following facts as true, taken from Plaintiff's Complaint filed on September 9, 2022 (DE 1).

On or about April 9, 2019, Plaintiff turned over control of the Pointe West property owners' association to Defendant pursuant to a Master Declaration of Covenants, Conditions, Easements and Restrictions for Pointe West (the "Declaration") and the By Laws of Pointe West Master

Property Owners' Association, Inc. (the "Bylaws") (DE 1 ¶ 6). Following turnover, Defendant made multiple financial demands upon Plaintiff. First, on or about July 22, 2022, Defendant demanded that Plaintiff pay $84,316 pursuant to Article XI, Section 11.1 of the Declaration (hereafter the "Deficit Funding Claim") (DE 1 ¶¶ 7-8). Plaintiff disputes that it owes any money in connection with this claim (DE 1 ¶ 9).

Next, on unspecified dates, Defendant advised Plaintiff that Plaintiff owes unspecified amounts pursuant to a Reimbursement Agreement between Plaintiff and Defendant (hereafter the "Reimbursement Agreement Claim") (DE 1 ¶ 10). Plaintiff disputes that it owes any money in connection with this claim as well (DE 1 ¶ 11). In fact, Plaintiff takes the position that it owes no further obligations to Defendant in connection with the turnover, the Declaration, the Bylaws, the Reimbursement Agreement, or its role as successor developer (DE 1 ¶¶ 10-12).

To resolve these matters, Plaintiff filed this action for declaratory relief, asking the Court to do the following:

- Determine the validity of the Deficit Funding Claim;
- Determine the validity of the Reimbursement Agreement Claim; and
- Determine the validity of any other claims in connection with the turnover, the Declaration, the Bylaws, or Plaintiff's role as successor developer.

(DE 1 ¶ 19 & WHEREFORE clause). This Motion followed (DE 6).

## II.   DISCUSSION

Defendant requests three forms of relief, each of which the Court will address in turn.

### A.   Motion to Dismiss

Defendant first seeks dismissal of the entire Complaint because Plaintiff allegedly lumped three different transactions into a single count for declaratory relief, thereby violating the rule against shotgun pleadings. A shotgun pleading is one that fails to "separate into a different count

each cause of action or claim for relief." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also Sanchez Sifonte v. Fonseca*, No. 21-CV-20543, 2021 WL 5086297, at *4 (S.D. Fla. Nov. 1, 2021) (dismissing shotgun pleading that "violate[d] Rule10(b)" because it "improperly attempt[ed] to assert multiple claims in a single count"). "With a shotgun pleading, it is virtually impossible to know which allegations of fact are intended to support which claims for relief." *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1336 (S.D. Fla. 2010).

The Court has reviewed the Complaint and finds that it does not violate the rule against shotgun pleadings. The Complaint describes a single transaction, the turnover of a property owners' association, governed by a discrete set of documents, i.e., the Declaration, the Bylaws, and a Reimbursement Agreement (DE 1 ¶¶ 9-10, 12, 19). Contrary to Defendant's argument, a declaratory judgment plaintiff need not allege separate counts for each declaration sought, especially where, as here, a plaintiff seeks multiple declarations arising from a single transaction. *Cf. Principal Life Ins. Co. v. Alvarez*, No. 11-21956-CIV, 2011 WL 4102327 (S.D. Fla. Sep. 14, 2021) (denying motion to dismiss and motion to strike complaint seeking declaratory relief as to multiple related issues).

Likewise, the Court rejects Defendant's argument that it has not been given clear notice as to which "rights" Plaintiff seeks to have declared pursuant to 28 U.S.C. § 2201.[1] The Complaint adequately identifies the "rights" at issue, namely, the parties' respective rights in connection with the turnover, the Declaration, the Bylaws, the Reimbursement Agreement, and Plaintiff's role as successor developer (DE 1 ¶¶ 9-10, 12, 19). As such, the Motion should be denied.

---

[1] Although the Motion cited Florida law, the federal declaratory judgment statute, 28 U.S.C. § 2201, will likely govern here. *See Nat'l Equestrian League, LLC v. White*, No. 20-21746-CIV, 2021 WL 5890391, at *3 (S.D. Fla. Oct. 26, 2021), *R. & R. adopted*, 2021 WL 5883015 (S.D. Fla. Dec. 13, 2021).

### B. Motion for More Definite Statement

Defendant next seeks a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), which allows courts to order a more definite statement when a pleading "is so vague or ambiguous" that the opposing party "cannot reasonably prepare a response." As a general rule, such motions are disfavored and should be reserved only to remedy an "unintelligible pleading." *Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV, Ltd. P'ship*, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996). Such motions should not be used as a vehicle to gather more factual details about the plaintiff's case, a goal that should instead be "pursued through discovery." *Bazal v. Belford Trucking Co., Inc.*, 442 F. Supp. 1089, 1102 (S.D. Fla. 1977).

The Court has reviewed the Complaint here and finds no additional details are needed to allow Defendant to prepare a response. Defendant complains that Plaintiff has included several catch-all categories of declarations, using phrases such as "any amounts it may owe," and "any further obligations" (DE 1 ¶¶ 12, 18). The Court finds these catch-all categories to be proper, given that they are limited to a specific set of obligations, i.e., "in connection with" the turnover, the Declaration, the Bylaws, and Plaintiff's role as successor developer (DE 1 ¶¶ 9-10, 12, 19). Based on the facts set forth in the Complaint, Plaintiff is entitled to a declaration of any amounts owed to Defendant under this defined set of obligations, including amounts not yet formally demanded by Defendant. Moreover, Defendant – as the party claiming to be owed money – does not need a more definite statement of the amounts owed. The Motion should be denied.

    **C.**    **Motion to Strike**

Finally, Defendant seeks to strike certain allegations from the Complaint pursuant to Federal Rule of Civil Procedure Rule 12(f), which allows a court to strike "redundant, immaterial, impertinent, or scandalous matter." Relief under Rule12(f) is "generally disfavored by courts" and should be "granted sparingly." *Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1361 (S.D. Fla. 2009) (citing *Agan v. Katzman & Korr, P.A.*, 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004)). A motion to strike will be "granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Blake v. Batmasian*, 318 F.R.D. 698 700-01 (S.D. Fla. 2017).

The Court has reviewed the Complaint and finds no allegations that meet the standard for striking. Defendant asks the Court to strike all allegations that concern "the Reimbursement Agreement" or Plaintiff's compliance with "other obligations it may have had to the Association as successor developer," including paragraphs 10, 11, 12, 15, 18, and 19 (DE 6 at 11). In support, Defendant argues these matters are "not properly pled in the complaint" (DE 6 at 11). As set forth in section II.A, however, the Court finds these matters have been properly pled. Defendant also argues the offending allegations are "confusing" and "irrelevant" (DE 6 at 11). The Court disagrees, as these paragraphs appear to relate directly to the declarations sought by Plaintiff. As such, the Motion should be denied.

**III.**    <u>**RECOMMENDATION & NOTICE OF RIGHT TO OBJECT**</u>

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion be **DENIED.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States

District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 14th day of December 2022.

                                                                                 RYON M. MCCABE
                                                                                 U.S. MAGISTRATE JUDGE